UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DUSTIN BURNHAM, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    No. 2:24-cv-00196-JAW |
| | ) |
| PORTLAND HOUSING | ) |
| AUTHORITY et al., | ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Dustin Burnham filed a complaint against the Portland Housing Authority and the Maine State Housing Authority claiming unspecified civil rights violations. *See* ECF No. 1. After the Court granted his motion to proceed *in forma pauperis*, *see* ECF No. 5, I ordered him to file an amended complaint after finding his original complaint woefully lacking in detail upon my preliminary review under 28 U.S.C. § 1915(e)(2)(B), *see* ECF No. 7. Specifically, I ordered Burnham to file an amended complaint "that state[d] with specificity (1) what each Defendant did or failed to do that violated his rights and (2) which of his rights were violated." ECF No. 7 at 2.

Burnham has now filed what I will liberally construe as an amended complaint. *See* ECF No. 8. In his amended complaint, he elaborates that he brought this case because he wants the Defendants to give him a Section 8 housing choice voucher and that he believes they are lying to him about why he has not been selected for such a voucher. *Id.* at 1. He points out that the Defendants issue several thousand housing choice vouchers each year and contends that they do so "out of order" from

1

the waitlist. *Id.* at 1-2. But at no point does he specify, as directed, which of his rights were violated. *See id.*

Although I am sympathetic to Burnham's frustration at having to wait a long time for his housing choice voucher, I fail to discern a viable claim in his amended complaint. He has not specified which of his rights were violated by the Defendants despite my instruction to do so, and his allegations remain too vague to state a plausible claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And even if I were to read a constitutional claim into his amended complaint, he does not allege that he has exhausted the administrative procedures and remedies available to him as a recipient of federal housing assistance. *Cf. Kabando v. United States*, No. 1:15cv1040 (JCC/JFA), 2015 WL 5052665, at *3-4 (E.D. Va. Aug. 26, 2015) (noting that if a plaintiff believes his local housing authority violated his "constitutional rights" when administering the Section 8 housing choice voucher waitlist "there are administrative procedures and remedies that must be exhausted before [he] seeks relief" in court).

Accordingly, I recommend that the Court **DISMISS** Burnham's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

***Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.***

Dated: June 18, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge